UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**AMERICAN SCIENTIFIC MED L L C**     **CASE NO.  6:20-CV-01538**

**VERSUS**     **JUDGE ROBERT R. SUMMERHAYS**

**MAYMACS INC**     **MAGISTRATE JUDGE PATRICK J. HANNA**

### REPORT AND RECOMMENDATION

Before the Court is a motion to sever and transfer filed by third-party defendant, VWR International, LLC ("VWR" or "Third-Party Defendant"). (Rec. Docs. 26). The motion is opposed by defendant, Maymacs, Inc. ("Maymacs" or "Defendant"). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motions before the Court be GRANTED.

### Factual Background

This breach of contract case arises out of the burgeoning market for personal protective equipment brought about by the COVID-19 pandemic.  Maymacs entered into a contract to supply a quantity of 3M Particulate Respirator 8210 N95 facemasks ("N95 masks") to American Scientific Med, LLC ("American Scientific" or "Plaintiff"); itself a wholesaler of these items.  (Rec. Doc. 1 at ¶ 6).  The contract

between American Scientific and Maymacs contemplated an open account, in which multiple orders would be placed and corresponding payments for each order transmitted accordingly.

On or about March 20, 2020, AMS received an order from the Fort Peck Tribe ("Fort Peck Order") for, *inter alia*, a quantity of N95 masks totaling $1,180,000.00. (Rec. Doc. 1 at ¶ 7). Based on the contract between AMS and Maymacs, AMS placed the Fort Peck Order with Maymacs and forwarded corresponding payment for the N95 masks in the amount of $438,488.00. AMS claims Maymacs was to ship the Fort Peck Order no later than mid-May 2020. (Rec. Doc. 1 at ¶ 8). AMS asserts that when Maymacs missed its target delivery window, it contacted VWR, Maymacs' third-party distributor, only to learn that the order of masks at issue had been cancelled and Maymacs' payment to VWR in the amount of $257,055.67 refunded. (*Id.* at ¶ 12). AMS filed suit against Maymacs in this court in December of 2020 alleging breach of contract claims against Maymacs. AMS claims Maymacs continues to owe approximately $226,432.33, representing the unrefunded portion of the payment sent by AMS at the time of the order. (*Id.* at ¶ 16).

Maymacs filed its answer and third-party demand against VWR, alleging that any failure on its part to deliver the items ordered as agreed between it and AMS is the result of the fault and/or negligence of VWR. (Rec. Doc. 15 at p. 1). Maymacs further asserts that VWR actually refunded the payment it rendered to VWR to AMS

directly based on improper communications between AMS and VWR in contravention of the contract between Maymacs and AMS. (*Id.* at pp. 1-2).

VWR's motion seeks to enforce a forum selection clause found within the contract between VWR and Maymacs. Based on this forum selection clause, VWR asserts that severance of Maymacs' claims against it and transfer of same to the U.S. District Court for the Eastern District of Pennsylvania is required. The motion is fully briefed and properly before the Court for consideration.

## Law and Analysis

Pursuant to Fed. R. Civ. P. 21, a court may sever one or more claims against any party from other claims in a suit and, in doing so, "'creates two separate actions or suits where previously there was but one…'" *Allied Elevator, Inc. v. East Texas State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992) quoting *United States v. O'Neal*, 709 F.2d 361, 368 (5th Cir. 1983). 28 U.S.C. § 1404(a) provides

> [f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

VWR seeks both severance and transfer of all claims against it by Maymacs based on what it asserts is a valid and enforceable forum selection clause between the parties. Specifically, VWR points to the document entitled "Quotation No.

3

8031261153" ("Quotation") attached to its motion at Exhibit A. (Rec. Doc. 26-2).

VWR's Quotation contained the following language:

> VWR International's Terms and Conditions of Sale apply. A copy is available on our website…or by request. Customer represents that it has read and agrees to VWR International's Terms and Conditions of Sale. (*Id.*).

VWR points out that its "Terms and Conditions of Sale" (attached to its motion as Exhibit B) include the forum selection clause at issue, found within the following paragraph:

> **Applicable Law.** This Agreement is made pursuant to, and will be construed and enforced exclusively in accordance with, the internal laws of the Commonwealth of Pennsylvania (and U.S. federal law, to the extent applicable) or the principal place of business of the particular VWR affiliated company transacting business with Customer, without giving effect to otherwise applicable principles of conflicts of law.  Any lawsuit arising or related to this Agreement must be brought exclusively before the U.S. District Court for the Eastern District of Pennsylvania or any Commonwealth court sitting in Delaware County, Pennsylvania, or the applicable courts of the principal place of business of the VWR affiliated company transacting business with Customer, and each party hereby consents to the jurisdiction of any such court.  CUSTOMER EXPRESSLY WAIVES ANY OBJECTION THAT IT MANY HAVE NOW OR LATER TO THE VENUE OR JURISDICTION OF ANY ACTION, INCLUDING, WITHOUT LIMITATION, based on lack of personal jurisdiction, improper venue, forum non conveniens, or similar grounds. Any action arising under this Agreement, OTHER THAN FOR NON-PAYMENT, must be brought

>within one (1) year from the date that the cause of action arose… (Rec. Doc. 26-3).

Maymacs opposes severance and transfer on several bases. (Rec. Doc. 30). First, it argues that the forum selection clause offered by VWR is invalid. Next, it argues that, even if valid, the facts of this case make the forum selection clause inapplicable and unenforceable in this matter.

In *PCL Civil Contractors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir. 2020), the Fifth Circuit stressed the presumption of validity extended to forum selection clauses, explaining

>federal law applies to determine the enforceability of forum selection clauses in diversity cases. *All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). Under federal law, the party resisting enforcement of a forum selection clause bears a "heavy burden of proof," *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)), and this court "applies a strong presumption in favor of the enforcement of mandatory [forum selection clauses]," *Weber v. PACT XPP Techs, AG*, 811 F.3d 758, 773 (5th Cir. 2016).

A forum selection clause is "mandatory" when it "affirmatively requires that litigation arising from the contract be carried out in a given forum." *Weber*, 811 F.3d at 768. Given Maymacs' preliminary objection to the presumption of validity in this case, however, we begin with an analysis of this aspect.

A party resisting enforcement of a forum selection clause must show that enforcement of the clause would be "unreasonable." A party may bear its burden under this analysis by demonstrating: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *Haynesworth v. Corporation*, 121 F.3d at 963.

Maymacs' arguments against the validity of the forum selection clause mainly center on factor number one; that the inclusion of the clause in the contract between them by VWR was the product of fraud or overreaching. (Rec. Doc. 30 at pp. 6-12). Maymacs first points to the three (3) documents labeled "Invoice" attached to its brief as Exhibit A as evidence that the contract between it and VWR did not fairly apprise Maymacs of the subject forum selection clause. (Rec. Doc. 30-1). The Court has reviewed the three-page Invoice and agrees that it does not reference the forum selection clause directly or indirectly but does not find this omission relevant. Rather, we find that the Quotation clearly apprises Maymacs, as a prospective buyer of the "Terms and Conditions" under which a prospective sale

will be confected, should it choose to proceed.  Although Maymacs may not have investigated VWR's website to determine what terms and conditions it was agreeing to by placing an order with VWR, it could have done so.

Jurisprudence considering the application of forum selection clauses against parties claiming to have had no opportunity to negotiate as to the inclusion of forum selection clauses in pro forma contracts finds such clauses to be readily enforceable. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991); *Marinechance Shipping Ltd., v. Sebastian*, 143 F.3d 216 (5th Cir. 1998).

Given the foregoing, the Court finds Maymacs was provided reasonable notice of the forum selection clause at issue and we therefore reject Maymacs' unreasonableness argument based on notice.  The Court similarly rejects Maymacs' argument regarding its lack of opportunity to negotiate for the inclusion of this forum selection clause in any contract between the parties.

Maymacs next argues that no sale took place between it and VWR and, thus the Terms and Conditions containing the forum selection are inapplicable in this case.  (Rec. Doc. 30 at p. 11).  The Court rejects this argument as without merit. The confection of a sale regards the merits of the contract between the parties.  The third-party demand filed in this case by Maymacs unquestionably arises from what Maymacs alleges to be the confected purchase of goods from VWR and which Maymacs alleges VWR later cancelled to Maymacs' prejudice.  (Rec. Doc. 15,

generally). Maymacs' specific allegations of breach of contract by VWR belong to the action between these parties, as we will later instruct. The Court does not regard these allegations as a basis for a finding of unreasonableness as to the forum selection clause. *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 302 n. 3 (5th Cir. 1998) (party claiming fraud must show that the inclusion of forum selection clause itself, not the entire agreement, was a product of fraud).

Maymacs last argument references the second reasonableness factor, alleging that enforcement of the clause at issue will result in "grave inconvenience and unfairness" to Maymacs. (Rec. Doc. 30 at p. 11). Maymacs' argument relies upon an incomplete reading of the second factor, as the "grave" inconvenience that must be shown must derive from the resisting party's contemplated effective deprivation of its day in court. Maymacs does not allege it will be deprived of its day in court if forced to litigate its claims against VWR in the Eastern District of Pennsylvania, only that it will be less convenient than doing so in the Western District of Louisiana, where it has already been summoned to answer Plaintiff's claims in this suit. Given the availability of means to preserve and present evidence, made evermore available during the COVID-19 pandemic, this Court is convinced that the Pennsylvania court to which Maymacs' claims are to be transferred can ably manage the case with an eye toward the minimization of avoidable inconvenience to the parties, where possible. *In re Rolls Royce*, 775 F.3d 671, 683 (5th Cir. 2014)

8

(finding that the facts of that case did not suggest special administrative difficulties would follow severance and that experienced judicial management of the separate actions could ensure the orderly disposition of the two matters).

Having addressed Maymacs' arguments regarding the issue of reasonableness, we now find that the forum selection clause at issue is valid. Maymacs next asserts that, though valid, the clause is inapplicable.

In the 2014 Fifth Circuit case *In re Rolls Royce Corp.*, the appellate court set out a framework for severance and transfer analysis when some, but not all parties were subject to a forum selection clause. The *Rolls Royce* Court distinguished between cases in which a district court should apply the public and private factors analysis of *Atlantic Marine Construction Co. v. U.S. Dist. Court for the Western District of Texas*. 571 U.S. 49 (2013). In *Atlantic Marine*, the Supreme Court instructed that courts faced with transfer motions based on forum *non conveniens* must adjust their method of evaluation when the motion is based on a forum selection clause. The Court explained that, while district courts must generally evaluate public and private interest factors[1] in determining the merits of a § 1404

---

[1] The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004) (citing *Piper Aircraf Co. v. Reyno,* 454 U.S. 235, 241 n. 6, (1981) 102 S.Ct. 252). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

9

motion, courts must presume that the private interests of the parties are reflected in their forum selection clause in all but extraordinary circumstances. Thus, courts should accept argument on only the public interest factors related to transfer. *Atlantic Marine,* 571 U.S. at 63.

The instant case presents the sort of facts contemplated in *Rolls Royce*. No party disputes that Plaintiff did not submit itself to the forum selection clause at issue. Our analysis above affirms that Maymacs is subject to a valid forum selection clause found within the sales contract between it and VWR. What remains, now, is the determination of whether severance and transfer is warranted in this case.

First, under *Atlantic Marine*'s private and public factor analysis, the private factors of the parties who contracted for the forum must "as a matter of law, cut in favor of severance and transfer." *In re Rolls Royce*, 775 F.3d at 681. Next, the court may consider the public and private interest factors of the parties who are not subject to the forum selection clause just as it would in a standard Rule 21 severance and section 1404 analysis. *Id.*

This case presents a twist on the *Atlantic Marine* analysis, only in that it involves a third-party demand, rather than a traditional plaintiff versus defendant array. In this regard, the second factor is somewhat speculative, given that Plaintiff has not named VWR in its complaint, nor has it filed a brief supporting or opposing VWR's motion. Plaintiff's choice of venue is, certainly, entitled to some weight,

as is Plaintiff's assumed interest in having a court familiar with Louisiana law try its Louisiana breach of contract claims. In this way, we find a fair amount of public and private interest factors weighing in favor of severance, as Plaintiff's claims are well-suited to this forum.

 Lastly, the court must ask if the relative balance of these first two factors is outweighed by the judicial economy of having all claims determined within a single lawsuit or, if two actions are warranted, what procedural mechanism could increase efficiency and reduce the costs of severance, such as consolidated discovery and stipulations. *Id.* Maymacs asserts that it will be subject to great inconvenience if made to defend against Plaintiff's claims in this Court and to prosecute its claims against VWR in the Eastern District of Pennsylvania. This Court does not agree. Although it is doubtless that participating in two suits constitutes more work for Maymacs, it does not follow that this outweighs the presumption of enforcement given to valid forum selection clauses. This Court also finds no clear, overwhelming impediment to the maintenance of separate actions. Joint discovery practices, stipulations, the use of joint depositions and the coordination among courts of pretrial and trial schedules are all possible avenues to achieve judicial economy. Maymacs has not shown that this case is not susceptible to these efforts

 Maymacs lastly proffers various arguments regarding the validity of the sale, arguing that the forum selection clause should not apply because it did not

contemplate the cancellation of a contract; an oral contract; or a lawsuit arising from a third-party demand. As above, this Court finds that the parties have agreed to have the nature of the contractual relationship between them adjudicated in the Eastern District of Pennsylvania and have done so in a valid manner, with ample notice to Maymacs. Maymacs' third party demand arises from the order for goods placed with VWR, to which the Terms and Conditions at issue are attached. The allegations of unilateral cancellation, detrimental reliance, or alleged oral amendment also relate to the merits of a breach of contract claim and are not properly before this court given our finding as to forum selection. We do not address them here.

## Conclusion

For the reasons discussed herein, the Court recommends that the motion by third-party defendant VWR International, LLC to sever and to transfer (Rec. Doc. 26) be GRANTED and, accordingly, that all claims by third-party plaintiff Maymacs, Inc. against third-party defendant be severed and transferred to the U.S. District Court for the Eastern District of Pennsylvania for all further proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 2nd day of September, 2021.

                                                                                         _____
                                                                         PATRICK J. HANNA
                                                                    UNITED STATES MAGISTRATE JUDGE